# EXHIBIT A

```
                    FILED
            2019 APR 24 02:15 PM
               KING COUNTY
          SUPERIOR COURT CLERK
                  E-FILED
          CASE #: 19-2-11204-2 SEA
```

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| AMANDA GILMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYMETRA LIFE INSURANCE HEALTH AND WELFARE PLAN; SYMETRA LIFE INSURANCE COMPANY; and RELIANCE STANDARD LIFE INSURANCE COMPANY d/b/a CUSTOM DISABILITY SOLUTIONS,<br><br>　　　　Defendants. | No.<br><br>COMPLAINT FOR DECLARATION OF RIGHT TO BENEFITS AND FOR RECOVERY OF BENEFITS |

COMES NOW THE PLAINTIFF, Amanda Gilmer, and alleges as follows:

**I. NATURE OF ACTION**

1.1  This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., and specifically under 29 U.S.C. § 1132(a)(1)(B).

1.2  Plaintiff brings this action for the purpose of recovering benefits under an ERISA-governed employee benefit plan, enforcing her rights under that Plan, and clarifying her rights to future benefits under the Plan.

COMPLAINT  - 1

## II.  JURISDICTION AND VENUE

2.1  The King County Superior Court has jurisdiction of this matter under 29 U.S.C. § 1132(e).

2.2  Venue is proper pursuant to RCW 4.12.020 and/or RCW 4.12.025.

## III.  PARTIES

3.1  Amanda Gilmer is an adult residing in Kirkland, Washington.

3.2  Defendant Symetra Life Insurance Health and Welfare Plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).

3.3  Defendant Symetra Life Insurance Company is the Plan Administrator of the Symetra Life Insurance Health and Welfare Plan.

3.4  Defendant Reliance Standard Life Insurance Company is a foreign insurance company, authorized to sell insurance in Washington State.  At times, this Defendant does business as "Custom Disability Solutions."

## IV.  FACTUAL ALLEGATIONS

4.1  Defendant Symetra Life Insurance Health and Welfare Plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  This Defendant is referred to herein as "the Plan."

4.2  Defendant Symetra Life Insurance Company is an insurance company authorized to sell insurance, including disability insurance, in Washington State.

4.3  Defendant Symetra Life Insurance Company is the Plan Administrator of the Plan.

4.4  Defendant Symetra Life Insurance Company is an "administrator," within the meaning of 29 U.S.C. § 1002(16), of the Plan.

4.5  Defendant Symetra Life Insurance Company is a "fiduciary," within the meaning of 29 U.S.C. § 1002(21), with respect to the Plan.

4.6  Defendant Reliance Standard Life Insurance Company is a foreign insurance company, authorized to sell insurance in Washington State.  This Defendant is sometimes referred to below as "RSLI."

4.7  "Custom Disability Solutions" is a division of Defendant Reliance Standard Life Insurance Company.

4.8  Defendant Reliance Standard Life Insurance Company does business, at times, as "Custom Disability Solutions."  Custom Disability Solutions is referred to below as "CDS."

4.9  Through CDS, Defendant RSLI provides certain administrative services to the Plan, including evaluation of long-term disability claims made under the Plan.

4.10  Plaintiff was employed by Symetra Life Insurance Company.

4.11 Symetra Life Insurance Company is an "employer" as that term is defined by 29 U.S.C. § 1002(5).

4.12  Plaintiff was an "employee," within the meaning of 29 U.S.C. § 1002(6), of Symetra Life Insurance Company.

4.13  Plaintiff is a "participant," within the meaning of 29 U.S.C. § 1002(7), of the Plan.

4.14  Plaintiff is a "beneficiary," within the meaning of 29 U.S.C. § 1002(8), of the Plan.

4.15  Defendant Symetra Life Insurance Company insures the Plan's long-term disability benefits through a group disability insurance policy, Policy Number 01-015430 (referred to below as "the Policy").

4.16  The Policy states in relevant part:

WHAT DOES DISABILITY MEAN?

Disabled/Disability means our determination that your sickness or injury began while you are covered under the policy and:

- During the elimination period and for the first 24 months of disability benefits,

a. prevents you from performing with reasonable continuity the material and substantial duties of your regular occupation; OR

b. you are performing the substantial and material duties of your regular occupation on a part-time basis or some but not all of the material and substantial duties on a full-time basis, or are performing any gainful occupation, and as a result, the income you are able to earn is less than or equal to 80% of your indexed pre-disability earnings.

- After the first 24 months of disability benefits,

a. prevents you from performing with reasonable continuity the material and substantial duties of any gainful occupation; OR

b. you are performing the material and substantial duties of your regular occupation or any gainful occupation on a part-time basis or some but not all of the material and substantial duties on a full-time basis, and as a result, the income you are able to earn is less than or equal to 80% of your indexed pre-disability earnings.

4.17  Plaintiff became disabled under the Plan on or about September 1, 2016, in that sickness prevented from performing with reasonable continuity the material and substantial duties of her regular occupation.

4.18  Plaintiff applied for long-term disability benefits under the Plan.

4.19  Defendants agreed that Plaintiff was disabled under the Plan, and approved her claim for long-term disability benefits.

4.20  Symetra Life Insurance Company began paying Plaintiff long-term disability benefits and continued doing so until on or about December 1, 2018.

4.21  On or about November 28, 2018, Defendants advised Plaintiff that she was no longer disabled under the Plan, and that her disability benefits were accordingly terminated effective December 1, 2018.

COMPLAINT  - 4

4.22  The benefit termination was mistaken, because as of December 1, 2018, Plaintiff remained disabled under the Plan, in that sickness prevented her from performing with reasonable continuity the material and substantial duties of any gainful occupation.

4.23  On or about January 17, 2019, Plaintiff submitted an appeal to Defendants and/or their agents RSLI and/or CDS.

4.24  On or about March 4, 2019, Defendants advised Plaintiff that her appeal was denied.

4.25  Plaintiff has been and remains disabled under the Plan and entitled to receive long-term disability benefits since on or about December 1, 2018 to the present, in that sickness has prevented her, and continues to prevent her, from performing with reasonable continuity the material and substantial duties of any gainful occupation.

## V.  STATEMENT OF CLAIMS

5.1  Plaintiff re-alleges and incorporates by reference Paragraphs 4.1 through and including 4.25 above.

5.2  Plaintiff has been disabled under the Plan and eligible for, and entitled to receive, long-term disability benefits from December 1, 2018 through the present.

5.3  By denying that Plaintiff was disabled under the terms of the Plan, and by refusing to pay Plaintiff disability benefits, Defendants violated the terms of the Plan and denied Plaintiff her rights under the Plan.

5.4  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks to recover the long-term disability benefits due her under the Plan, to enforce her rights under the Plan and to clarify her rights to future benefits under the Plan.

5.5  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a Declaration from this Court that she was and is entitled to long-term disability benefits under the Plan, and an Order directing Defendants to pay her those benefits in accordance with the Plan's terms.

## VI.  PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1  That this Court declare that Plaintiff was disabled under the Plan and eligible for, and entitled to receive, long-term disability benefits since December 1, 2018.

6.2  That this Court declare that Defendants, by terminating Plaintiff's long-term disability benefits and refusing to pay her those benefits, violated the terms of the Plan and denied Plaintiff her rights under the Plan;

6.3  That this Court order Defendants to pay Plaintiff the long-disability benefits she was entitled to receive from December 1, 2018 through entry of judgment, with prejudgment interest;

6.4  That this Court order Defendants to pay Plaintiff's attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

6.5  That Plaintiff be awarded any additional and further relief which this Court finds just and equitable to remedy and/or redress Defendants' violation of ERISA and of the Plan.

DATED this 24th day of April 2019.

LAW OFFICE OF MEL CRAWFORD

By  s/ *Mel Crawford*
   Mel Crawford, WSBA #22930
   Attorneys for Plaintiff
   melcrawford@melcrawfordlaw.com