THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA GILMER, | CASE NO. C19-0792-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| SYMETRA LIFE INSURANCE HEALTH AND WELFARE PLAN, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' stipulated motion for leave to file the "Administrative Record" in this matter under seal (Dkt. No. 18). Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking a declaration of her right to long-term disability benefits. (*See* Dkt. No. 1-1.) The parties previously stipulated that no discovery will be conducted and that the case will be decided on the administrative record. (*See* Dkt. No. 16.) The parties now jointly move to file and maintain the administrative record under seal because it contains Plaintiff's sensitive medical information. (Dkt. No. 18.)

In general, there is a strong presumption to public access to court-filed documents. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); W.D. Wash.

MINUTE ORDER
C19-0792-JCC
PAGE - 1

Local Civ. R. 5(g). A party seeking to seal a document attached to a dispositive motion must provide compelling reasons "that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1179. While courts have recognized that the need to protect a party's medical privacy is a compelling reason to seal, the decision to seal must be made on a document-by-document basis. *See Karpenski v. Am. Gen. Life Companies, LLC*, Case No. C12-1569-RSM, slip op. at 2 (W.D. Wash. 2013) (ruling that some but not all of the documents containing protected medical information should be maintained under seal).

The parties state that compelling reasons exist for the Court to allow the entire administrative record—Defendants' 902-page claim file regarding Plaintiff—to be filed under seal, as "[t]hat record consists primarily of medical records and other documents addressing [Plaintiff's] medical conditions." (Dkt. No. 18 at 1–2.) The parties assert that redaction is not practicable due to the extensive redactions that would be necessary to protect Plaintiff's privacy interests. (*Id.* at 2.) In the context of an ERISA action, the parties' request to maintain the administrative record under seal is equivalent to sealing the entire case from public view. The Court cannot grant the motion without first conducting an *in camera* review of the documents. Therefore, the parties are ORDERED to file a copy of the administrative record under seal no later than August 23, 2019 for the Court's *in camera* review. The electronic files containing the administrative record must be submitted in a searchable format. The administrative record will be maintained under seal until the Court issues an order on the parties' stipulated motion to seal. (Dkt. No. 18.)

DATED this 15th day of August 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk
