UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA GILMER,<br><br>Plaintiff,<br><br>v.<br><br>SYMETRA LIFE INSURANCE HEALTH AND WELFARE PLAN, *et al.*,<br><br>Defendants. | CASE NO. C19-0792-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulated motion for leave to file the "administrative record" under seal (Dkt. No. 18). Having thoroughly considered the parties' motion, and after conducting an *in camera* review of the administrative record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking a declaration of her right to long-term disability benefits. (*See* Dkt. No. 1-1.) The parties previously stipulated that no discovery will be conducted and that the case will be decided on the administrative record. (*See* Dkt. No. 16.) The parties jointly moved to file and maintain the administrative record under seal because it contains Plaintiff's sensitive medical information. (Dkt. No. 18.) The Court ordered the parties to file a copy of the administrative

1 record—Defendants' 902-page claim file regarding Plaintiff—under seal so the Court could
2 conduct an *in camera* review to determine whether the parties' request to seal was overly broad.
3 (Dkt. No. 19; *see* Dkt. No. 18 at 1.) The parties have since filed the administrative record under
4 seal pursuant to the Court's order. (*See* Dkt. No. 20.)

## II. DISCUSSION

In general, there is a strong presumption for public access to court files. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); W.D. Wash. Local Civ. R. 5(g). A party seeking to seal a document attached to a dispositive motion must provide compelling reasons "that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1179. While courts have recognized that the need to protect a party's medical privacy is a compelling reason to seal, the decision to seal must be made on a document-by-document basis. *See Karpenski v. Am. Gen. Life Companies, LLC*, No. C12-1569-RSM, slip op. at 2 (W.D. Wash. Oct. 9, 2013) (ruling that some but not all of the documents containing protected medical information should be maintained under seal).

The parties assert that compelling reasons justify sealing the entirety of the administrative record because it "consists primarily of medical records and other documents addressing [Plaintiff's] medical conditions." (Dkt. No. 18 at 2.) The parties further argue that "[r]edaction is not a reasonable means to protect Plaintiff's medical privacy, because the documents would need to be heavily redacted." (*Id*.) Having reviewed the administrative record filed by the parties, the Court concludes that the parties have provided a compelling reason to seal. The documents contained in the administrative record discuss Plaintiff's medical conditions at length and in substantial detail. Plaintiff's interest in keeping that information confidential outweighs the public's interest in access. *See Kamakana*, 447 F.3d at 1179. Further, while some documents contain both confidential and non-confidential information and thus could be subject to redaction, requiring such extensive redactions would be particularly burdensome for the parties and render the remaining record difficult to understand—and thus less valuable—to the general

public. Therefore, based on its *in camera* review, the Court agrees with the parties that redaction is not reasonably feasible in this case.

## III. CONCLUSION

For the foregoing reasons, the parties' stipulated motion for leave to file the administrative record under seal (Dkt. No. 18) is GRANTED. The Clerk is DIRECTED to maintain Docket Number 20 under seal until further order of the Court.

DATED this 26th day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE